Ex parte Francisca Andrades, Petitioner and Appellant.

No. 8318.   Argued December 8, 1941.—Decided January 13, 1942.

*Luis Vergne Ortiz* for appellant. *George A. Malcolm, Attorney General, R. A. Gómez, Prosecuting Attorney,* and *Luis Negrón Fernández, Assistant Prosecuting Attorney,* for the People.

Mr. Justice Todd, Jr., delivered the opinion of the court.

The judgment rendered by the District Court of San Juan in this case, a proceeding to establish heirship, reads as follows:

"Natural brothers of the father do not succeed their nephews. See 7 Manresa (3rd. ed.) 121.

"The petition is insufficient and we hold that the declaration sought does not lie."

In the petition of Francisca Andrades, as natural aunt of Francisca Guzmán Andrades, a girl 11 years of age, it

was alleged that the decedent minor had not been survived by any ascendant or descendant, nor brother or legitimate uncle, nor had she left any will, as she lacked capacity to make a will, and that the petitioner was her sole relative being the natural sister of the minor's mother.

■ The appellant urges that the lower court erred in holding that the petition in this case did not state sufficient facts on the ground that natural brothers do not succeed their nephews. The appellant then says: "The Civil Code of Puerto Rico upholds that view" but she expresses her belief and argues that the provisions of said code regarding this question were drafted at a time different from the present one·"in which natural families are more abundant."

Whatever may be the views entertained regarding the preservation or discontinuance of particular provisions of the Civil Code concerning inheritance, it is not the province of the judiciary to alter, by construction, the substantive provisions of said code. The appellant admits that the Civil Code upholds the opinion of the lower court and so it is.

■ Subdivision 5 of Section 902 of the Civil Code (1930 ed.) provides:

"Section 902.—

"*          *          *          *          *          *          ●

"A recognized natural child has no right to succeed intestate legitimate children or relatives—with the exception of grandparents or other ascendants—of the father or mother who has recognized him or her, nor do they succeed a recognized natural child."

Commenting on Section 943 of the Spanish Civil Code, equivalent to subdivision 5 of Section 902 of our code, Manresa, on page 110, vol. 7 of his *Comentarios,* says:

"The Code refuses to recognize any rights of succession between the natural child and the legitimate relatives of the father or mother who recognized him. *They can not be designated as relatives and are not entitled to succeed.* There exists, of course, a blood relationship; but such relationship is not recognized by law.

"The children and the legitimate relatives of the father or mother who recognized a natural child, are the only relatives in the descending or ascending direct line or in the collateral line. The legitimate relatives are completely separated from the natural relatives; neither the latter succeed the former, *nor the former succeed the latter* . . . ." (Italics ours.)

Further on, on page 121, when commenting on section 945, he says:

"Moreover, in the intestate succession the right to succeed is, as a general rule, reciprocal; *natural brothers of the father do not succeed their nephews;* there is no reason why nephews should succeed their uncles, the natural brothers of their father. . . . . . ." (Italics ours.)

Under our Civil Code, Francisca Andrades, petitioner herein, a natural aunt of Francisca Guzmán Andrades who is the legitimate daughter of Elías Guzmán and Zacarías Andrades, (a natural sister of the petitioner), is not entitled to succeed her niece nor could the latter have succeeded her natural aunt.

The judgment appealed from must be affirmed.